Dear Mayor Mascagni:
We have received your letter asking for an Attorney General opinion answering the following questions:
 1. Can you as Mayor of the Town of Benton hear cases involving violations of LSA-R.S. 14:100.1?
 2. Can you as Mayor amend R.S. 14:100.1 citations to show a violation of a similar Town of Benton ordinance?
 3. Can an Alderman of the Town of Benton, whose husband is Benton's Chief of Police, vote on matters related to the police department? and
 4. Can the Town of Benton, on its own, authorize the Benton-Bossier Parish Municipal Planning Commission to pay certain legal fees or is a joint agreement between the Town and the Police Jury needed? The Commission seeks payment for the attorney who appealed, on behalf of the Commission, a ruling by the Benton City Council that did not follow the Commission's recommendation in a zoning matter. The appeal by the Commission was to the 26th Judicial District Court.
 FIRST QUESTION
Mayors have no statutory authority to hear cases under R.S. 14:100.1, which is a state misdemeanor punishable by a fine not exceeding $500 and/or by imprisonment of not more than six months. Alleged violations of R.S. 14:100.1 in your jurisdiction are properly heard in the 26th Judicial District Court.
 SECOND QUESTION
If, however, a charge or affidavit reaches your court inadvertently alleging a Title 14 misdemeanor violation, the charge or affidavit can be amended, preferably by the city prosecutor, to show the appropriate and corresponding municipal violation. A person whose charge or affidavit is thus amended is not prejudiced; in fact, he or she would normally benefit by the amendment inasmuch as the penalties for Title 14 misdemeanor violations usually exceed those provided for in similar municipal ordinances.
 THIRD QUESTION
Apparently, from your letter, you suggest that the Town Alderman married to the Chief of Police should be permitted to vote on matters relating to the police department as a whole, such as the budget, hiring of new officers, etc., but not permitted to vote on issues concerning the Chief of Police personally, such as his yearly salary increase, personal insurance and the purchase of a new automobile for him.
This question involves ethical problems rather than legal ones and should be initially submitted to the Louisiana Board of Ethics, located at 8401 United Plaza Boulevard in Baton Rouge, telephone number (225) 922-1400, Fax number (225) 922-1414. The Attorney General's office has advised the Ethics Board's staff attorney, Maris McCrory, of this inquiry and she anticipates hearing from you or the parties involved.
 FOURTH QUESTION
Here, the Benton-Bossier Parish Municipal Planning Commission seeks authority to pay for the services of an attorney who appealed, for the Commission, a ruling of the Benton City Council that did not follow the Commission's recommendation in a zoning matter. The Commission contends that it had legal prerogative to hire the attorney and file the appeal to the 26th Judicial District Court in accord with Article 2, Section 2 of Legislative Act 558 passed in 1956 which reads in pertinent part:
 "The Commission may appoint such employees and staff as it may deem necessary for its work, and may contract with city planners and other consultants for such services as it may require."
 In district court, Judge Bruce M. Bolin found that the Commission had no standing to file the appeal. He stated that the Commission's function and purpose was to make recommendations "to the appropriate authority such zoning ordinances, housing codes, building and other regulations as it deems necessary." Once a recommendation is made, the _parties involved have a continuing interest but the Commission does not, the judgment said.
The Commission had voted 5-0 to deny a zoning request. The Benton Town Council then voted 3-2 in favor of the request, overruling the Commission. The Commission's appeal ensued. Once the appeal was dismissed and the Commission chose not to appeal further to the First Circuit Court of Appeal, Judge Bolin's decision became final.
Inasmuch as the taking of an appeal was beyond the commission's statutory jurisdiction, there is no discernible justification for payment to the attorney. While Judge Bolin found that the Commission had no standing to bring the appeal and he dismissed it, he did not, however, rule directly on the Commission's payment to its attorney as that issue was not before the court. Judge Bolin did, in dicta, point out:
 "There are additional policy considerations that should be considered. If the Court allows the Commission to proceed with this suit it could seriously impair the efficient functioning of local government. A suit for declaratory judgment is quite broad and can be quite expensive. If the Commission is allowed to meet and, by majority vote, retain private counsel to bring a suit of this nature, what is to prevent them from seeking a declaratory judgment each time they disagree with the actions of the Town Council or Police Jury? Ultimately, the attorneys representing both public bodies would have to be paid with public funds. A much more logical approach would be for an actual aggrieved party to bring the suit, and if no one brings the suit then there is no necessity for the litigation."
 There is no apparent authority for the Commission to voluntarily pay its appellate attorney, with or without the consent of the Town or Police Jury, for action taken beyond the scope of the Commission's statutory function and purpose. Also, there is no suggestion in the jurisprudence that a payment of this nature would be appropriate.
We trust this response is sufficient.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ H. Charles Gaudin Assistant Attorney General
RPI/HCG/bgc